MICHAEL E. KIRBY, Judge.
 

 11Plaintiff, Patrick D. Breeden, appeals the trial court judgment granting the peremptory exception of prescription filed by defendant, Linda C. Winfrey.
 

 On March 4, 2008, plaintiff filed a Petition to Enforce Judicial Mortgage against the defendant. In that petition, plaintiff alleged that he was the attorney of record for defendant in the matter of
 
 Linda C. Winfrey v. Joseph H. Robichaux,
 
 CDC
 
 *1177
 
 No.2002-14674, Division J-13. The petition further alleged that in the
 
 Winfrey v. Robichaux
 
 case, the trial court rendered judgment on January 12, 2005 in favor of Ms. Winfrey, ordering Mr. Robichaux to pay her $1,300.00 in damages and to convey the immovable property located at 1810-12 Third Street in New Orleans within 60 days of the judgment.
 

 Plaintiff alleged that on February 15, 2005, he filed an affidavit for “Attorney and Fees Lien” against the Third Street property in accordance with La. R.S. 9:5001 and/or La. R.S. 37:218. He alleged that the contract that defendant signed with him stated that his fee was 40% of any amount recovered for defendant. He alleged that along with the affidavit, he filed a copy of his contract |2with the defendant and a copy of the January 12, 2005 judgment. Plaintiff further alleged that he has not been able to collect his fee, and asked the court to order the sale of the property so he can collect his fee. Plaintiff notified the trial court of the name and address of defendant’s current attorney.
 

 In response to plaintiffs petition, the defendant filed peremptory exceptions of no cause of action and prescription. The exception of no cause of action was based on the grounds that plaintiff failed to state a legally recognizable cause of action for an attorney’s ownership interest in defendant’s immovable property based on a contingency fee agreement in a specific performance lawsuit. The exception of prescription was based on the grounds that plaintiff failed to file his petition against the defendant within three years of the January 12, 2005 judgment in Civil District Court Case Number 2002-14674, Division “J”, entitled
 
 Linda C. Winfrey v. Joseph H. Robichaux.
 
 In support of her exceptions, defendant attached a memorandum and her affidavit.
 

 In opposition to the defendant’s exceptions, plaintiff filed a memorandum; invoices sent to defendant for services rendered; a copy of a letter sent to plaintiff from the Louisiana Attorney Disciplinary Board informing him that a complaint filed against him by defendant had been dismissed; his affidavit for “Attorney and Fees Lien;” his contract with defendant; the January 12, 2005 trial court judgment in the
 
 Winfrey v. Robichaux
 
 case and the trial court’s reasons for judgment in that case; the Notice of Lis Pendens filed on behalf of defendant; a letter dated August 5, 2005 from plaintiff to Mr. Robichaux’s attorney (with a copy to the attorney |snow representing defendant) regarding costs; a response letter dated August 11, 2005 from Mr. Robichaux’s attorney addressed to plaintiff and defendant’s current attorney, referring to plaintiff as defendant’s “former attorney;” and a Motion to Deposit Funds Into the Registry of the Court filed by Mr. Robichaux’s attorney.
 

 Following a hearing on September 19, 2008, the trial court rendered judgment on September 29, 2008 granting defendant’s peremptory exception of prescription, and designated that ruling as a final judgment. Plaintiff now appeals that judgment.
 

 At the hearing held on September 19, 2008, the trial court stated that it was granting defendant’s exception of prescription pursuant to Louisiana Civil Code article 3494, which states that an action for the recovery of compensation for services rendered, including payment of professional fees, is subject to a prescriptive period of three years. After reviewing the relevant documents, the trial court found that the last action taken by plaintiff in representing defendant was on or around February 11, 2005 and/or, at the latest, February 14, 2005. The court noted that plaintiffs own invoices/time sheets reflect that he no longer would be repre
 
 *1178
 
 senting the defendant as of February 17, 2005. Because the instant lawsuit was not filed by plaintiff until March 4, 2008, the court granted defendant’s exception of prescription, and stated that this ruling made it unnecessary to rule on the defendant’s exception of no cause of action. The court specified that it was not ruling on the issue of plaintiffs lien. The court designated its ruling on the exception of prescription as a final judgment, making it immediately appealable.
 

 |4On appeal, plaintiff argues that the trial court erred in granting defendant’s exception of prescription. Plaintiff contends that his March 4, 2008 petition asked only for recognition of his lien and privilege granted to attorneys under La. R.S. 9:5001 and La. R.S. 37:218 for recovery of their professional fees and costs. Alternatively, he contends that he performed work for defendant until August 1, 2005.
 

 Louisiana Civil Code article 3494 states, in pertinent part:
 

 The following actions are subject to a liberative prescription of three years:
 

 (1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board.
 

 A review of the record, including the invoices submitted by plaintiff in opposition to defendant’s exceptions, supports the trial court’s finding that plaintiff did not perform any work on defendant’s behalf beyond February 2005. Even though plaintiff asserted his right to a lien and privilege in his petition of March 2008, this action was an attempt to recover compensation for services rendered to his client. As such, it is subject to the prescriptive period set forth in La. C.C. article 3494. The last action taken by plaintiff on behalf of his former client, the defendant, was in February 2005. Therefore, the petition filed in March 2008 was prescribed under the provisions of La. C.C. article 3494. Accordingly, we find no error in the trial court’s granting of defendant’s exception of prescription.
 

 For the reasons stated above, the trial court judgment is affirmed.
 

 | ¿AFFIRMED.